United States District Court
Southern District of Texas

**ENTERED**

July 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT                    SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Maxx Sports Tech. Ltd., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-20-820 |
| | § | |
| Gabrielle Hansen, Brian Schweiker, | § | |
| The Woodlands and Spring Realty, | § | |
| Inc. (dba RE/MAX The Woodlands | § | |
| & Spring), RE/MAX Holdings, Inc., | § | |
| Judson Tucker, Bryan Fowler, and | § | |
| Montgomery County, | § | |
| Defendants. | § | |

## Memorandum and Recommendation

This case arises from a bad divorce between Barrie and Gabrielle Hansen. Barrie is the CEO of Maxx Sports. Maxx Sports leased real property from the couple but was evicted from that property as a result of the divorce. The divorce court ordered the real property to be sold with the proceeds going to Gabrielle.

This case is one of several that Barrie and Maxx Sports have filed in an apparent attempt to attack those involved, even tangentially, in the divorce proceeding or the resulting disposition of property. In this case, Barrie filed suit in state court against seven defendants, including the real estate company that listed the property, the appointed receiver that sold the property, his ex-wife, her attorney, and Montgomery County. He alleges violations of the U.S. Constitution and raises contract-based claims, state law statutory claims and state law torts claims, such as conversion and tortious interference.

After the case was removed to this court, the Defendants each filed a motion to dismiss. Maxx Sports has since then neglected the case. In fact, Maxx Sports has not participated at all in this federal

case. It has not responded to any of the dispositive motions now pending before the court. Two of the plaintiffs have made efforts to contact Plaintiff's counsel but have been rebuffed.

The court is asked to decide whether the *Rooker-Feldman* doctrine bars federal jurisdiction. Because Defendants have not shown that Plaintiff's injury derives from a final state court judgment, the *Rooker-Feldman* doctrine does not bar federal jurisdiction.

The court is also asked to decide whether Maxx Sports has stated claims against Defendants upon which relief may be granted. It has not. Because Maxx Sports has not responded to any of the pending motions and has not otherwise participated in the case, the court concludes that Maxx Sports would also be unwilling to amend the complaint. Leave to amend the complaint will not be granted. The court therefore recommends that all claims against all parties be dismissed with prejudice.

As prevailing parties, Defendants are entitled to costs under Federal Rule of Civil Procedure 54(d)(1).

1. Background[1]

   A. *State court proceedings related to this action*

Maxx Sports Technologies Limited is a Texas corporation formed in 2015.[2] Barrie Hansen is the CEO.[3] In September 2017, Maxx Sports signed a three-year lease of a property located on

---

[1] In construing the facts, the court takes the nonconclusory statements of fact found in the state court petition to be true. The court will also consider as true the facts set forth in the Defendants' motions and the attachments thereto. All the motions are unopposed and therefore the facts found in the motions are undisputed. *See St. Tammany Parish, ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009) (holding that the court may rely on undisputed facts evidenced in the record and/or the court's resolution of disputed facts to discern subject matter jurisdiction); *Waggoner v. Deutsche Nat'l Bank Tr. Co.*, 181 F. Supp. 3d 445, 448 (S.D. Tex. 2016) ("[A] proper sanction for a failure to respond to a dispositive motion is for the court to decide the motion on the papers before it.").

[2] (D.E. 1-5 at ¶ 5.)

[3] (D.E. 17 at ¶ 3.)

50 Lyric Arbor Circle in Spring, Texas ("Disputed Property"). [4] A Google search reveals that this address is a five-bedroom, single family home in The Woodlands, Texas.[5] The Disputed Property was owned by Maxx Sports's CEO Barrie Hansen and his ex-wife Gabrielle Hansen.

In 2017, the Hansens began divorce proceedings in Montgomery County, Texas.[6] In November 2018, the Hansens and Defendant The Woodlands and Spring Realty ("WSR") entered into a Residential Real Estate Listing Agreement.[7] Under that agreement, the Hansens appointed WSR as the broker and exclusive real estate agent with the sole and exclusive right to sell the Disputed Property for a list price of $875,000 from November 30, 2018, to July 31, 2019.[8] The agreement identified Defendant Brian Schweiker as the sales agent and WSR's associate.[9]

In August 2019, the Montgomery County Court at Law No. 4 appointed Defendant Bryan Fowler as receiver to take charge and possession of the Disputed Property as a part of the Hansens' divorce proceedings.[10] As the court-appointed receiver, Fowler was given the authority to "manage, control, and dispose of the property as he sees fit in his sole discretion."[11]

In September 2019, Fowler and WSR entered into a new Residential Real Estate Agreement, again designating WSR as the exclusive broker and Schweiker as the sales agent.[12] The listing price was lowered to $750,000, and the listing period was renewed through May 31, 2020.[13]

---

[4] (D.E. 1-5 at ¶¶ 5, 21, 26, 33, 52.)

[5] Zillow, https://www.zillow.com/homedetails/50-Lyric-Arbor-Cir-Spring-TX-77381/28769936_zpid/ (last visited Jul. 27, 2020).

[6] (D.E. 1-5 at ¶ 19; D.E. 3-7 at 1.)

[7] (D.E. 10-4.)

[8] *Id.* at 1–2.

[9] *Id.* at 12.

[10] (D.E. 1-5 at ¶¶ 22–23; D.E. 3-1 at 35; D.E. 3-3; D.E. 8-2.)

[11] (D.E. 8-2.)

[12] (D.E. 10-5.)

[13] (*Id.* at 2; D.E. 10-6.) The Amendment to Listing (D.E. 10-6) extended the listing period.

On October 23, 2019, the county court ordered that Barrie Hansen and all occupants of the Disputed Property vacate the premises by November 8, 2019.[14] On October 30, 2019, Maxx Sports filed a petition to intervene in the Hansens' divorce proceeding.[15] In its petition to intervene, Maxx Sports argued that it held an interest in the Disputed Property as the lessee who holds the right of first refusal in the sale of the property during the pendency of the lease. *Id.* at 2.[16]

The county court entered the Final Decree of Divorce, dated December 26, 2019.[17] The divorce decree ordered the Disputed Property be sold, and all of the net sales proceeds be awarded to Gabrielle Hansen.[18] Barrie Hansen was ordered to pay the court-appointed receiver the balance he owed on the homeowner's insurance or vacate the premises by January 15, 2020.[19] Barrie Hansen did not pay the homeowner's insurance.[20]

On January 23, 2020, the Montgomery County District Clerk issued a Writ of Possession ordering the Disputed Property be seized and delivered to the Receiver.[21] Maxx Sports was evicted from the property, and certain Maxx Sports property was taken in the process.[22]

Barrie Hansen moved for a new trial in the divorce court on January 24, 2020.[23] A few weeks later, on February 20, 2020, Barrie, acting through Legacy Future Fund ("LFF"), the Trustee for the Hansen Family Trust, sued Gabrielle Hansen in Harris County.[24] On February 27, 2020, LFF filed another suit against Gabrielle Hansen

---

[14] (D.E. 3-4.)

[15] (D.E. 3-2.)

[16] The outcome is unclear from the record.

[17] (D.E. 1-5 at ¶ 19; D.E. 3-1.)

[18] (D.E. 3-1 at 28, 35.)

[19] (D.E. 3-1 at 35; D.E. 3-3.)

[20] (D.E. 17 at ¶ 8.d.)

[21] (D.E. 3-5.)

[22] (D.E. 1-5 at ¶¶ 40–41, 56.)

[23] (D.E. 17 at ¶ 5.a, Cause No. 18-9-13017, filed in the County Court of Law 4 of Montgomery County, Texas.)

[24] (*Id.* at ¶ 5.b, Cause No. 2020-7461, filed in the 333rd District Court of Harris County, Texas.)

seeking to quiet title to the Disputed Property.[25] On the same day, acting through Maxx Sports, Barrie filed this suit.

### B. *The present action*

Maxx Sports brought the present action in the 189th District Court of Harris County, Texas, on February 20, 2020, against Montgomery County, Bryan Fowler, Brian Schweiker, WSR, Re/Max Holdings, Inc. ("RHI")[26], Judson Tucker,[27] and Gabrielle Hansen.[28] (D.E. 1-5.). Maxx Sports claims that Defendants violated the Due Process Clause of the United States Constitution and the Texas Property Code, in addition to committing conversion, breach of contract, fraud, fraudulent inducement, common law fraud, constructive fraud, tortious interference, "negligence or deceit," and "collateral purpose & abuse of process." (D.E. 1 at ¶ 1; D.E. 1-5.)

This case was transferred to the 284th District Court of Montgomery County, Texas, before Montgomery County removed the case to federal court on March 6, 2020. (D.E. 1.) The removal was based on federal question jurisdiction under 28 U.S.C. § 1331. *Id.*

Maxx Sports has not filed a single document in this case after the case was removed to federal court. Gabrielle Hansen certified that she has contacted Maxx Sports's counsel, George Oggero, via email but received no response. (D.E. 17 at ¶ 2.) Tucker has also certified that Maxx Sports's counsel ignored his attempts to confer:

> he has made numerous attempts to confer with opposing counsel concerning the merits of this motion. Specifically, [Tucker] contacted Petitioner's attorney, George Oggero, via telephone on Tuesday, March 17, 2020 at

---

[25] (D.E. 3-6, Cause No. 20-2-2852, filed in the 284th Judicial District Court of Montgomery County, Texas; D.E. 17 at ¶ 5.d.)

[26] RHI is a Delaware holdings corporation with its principal place of business in Colorado. (D.E. 7-4 at ¶ 8.)

[27] Judson Tucker represented Gabrielle Hansen as her attorney in the divorce proceeding. (D.E. 1-5 at ¶ 26.)

[28] Gabrielle Hansen was the Trustee of the Hansen Family Trust for ten years before the Hansens divorced. (D.E. 1-5 at ¶ 19.) The Hansen Family Trust holds 20% of Maxx Sports's shares and is the largest shareholder of Maxx Sports. (D.E. 1-5 at ¶¶ 7–8, 19.)

> approximately 4:30pm. Mr. Oggero was unable to speak as he was at an event for his child but we agreed to communicate the next day. On Wednesday, March 18, 2020, [Tucker] called Mr. Oggero at approximately 2:00pm. There was no answer at Mr. Oggero's office and [Tucker] left a message concerning the nature of the call and including [Tucker]'s phone number. To date, Mr. Oggero has not returned the call.

(D.E. 9 at 1–2.)

Despite such attempts to confer, Maxx Sports neglected this case while Defendants have filed numerous pleadings, initial disclosures, and dispositive motions. (D.E. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 17, 18, 19, 20, 22, 26, 28, 29, 31.)

Pending before the court are Montgomery County and Fowler's Rule 12(b)(1) motions to dismiss (D.E. 3, 8), and all Defendants' Rule 12(b)(6) motions to dismiss. (D.E. 3, 7, 8, 9, 10,[29] 17.) The motions, unopposed by Maxx Sports, are ripe for decision.

## 2. Standard of Review

### A. Plaintiff's failure to respond to dispositive motions

Under this district's local rules, failure to respond to a motion is taken as a representation of no opposition. LR 7.4. Noncompliance with the local rule, however, is not a sufficient basis to grant a motion to dismiss for failure to state a claim. *See Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980). A district court may instead accept as true the uncontradicted facts raised in the unopposed motion. *See Woodham v. Am. Cystoscope Co.*, 335 F.2d 551, 556 (5th Cir. 1964) (holding that the court is "justified in deciding the motion on the papers before [it]"); *Waggoner v. Deutsche Nat'l Bank Tr. Co.*, 181 F. Supp. 3d 445, 448 (S.D. Tex. 2016).

### B. Dismissal for lack of subject matter jurisdiction

A court may dismiss an action for lack of subject matter jurisdiction under Rule 12(b)(1). The party asserting jurisdiction has

---

[29] WSR and Schweiker together filed their motion to dismiss. (D.E. 10.)

the burden to prove the court's subject matter jurisdiction. *Alfonso v. United States*, 752 F.3d 622, 625 (5th Cir. 2014).

The court may look beyond the four corners of the complaint and consider undisputed facts evidenced in the record when those facts are relevant to determine whether the court has jurisdiction. *St. Tammany Parish, ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009) (holding that the court may rely on the complaint alone, undisputed facts evidenced in the record, and/or the court's resolution of disputed facts); *see Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (holding that the court need not resolve disputed facts in favor of the plaintiff in determining jurisdiction).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Where the court dismisses a federal claim that anchors supplemental jurisdiction over state-law claims, the usual case is that "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). However, the court may retain jurisdiction over the remaining pendent state law claims if "doing so would serve the interests of fairness, judicial economy, convenience, and comity." *Wilbur v. Curtis*, 872 F.3d 15, 23 (10th Cir. 2017); *see also Robinson v. Town of Marshfield*, 950 F.3d 21, 31 (1st Cir. 2020).

### C. *Dismissal for failure to state a claim*

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally, the court is constrained to the "four corners of the complaint" to determine whether the plaintiff has stated a claim. *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011); *see Loofbourrow v. Comm'r*, 208 F. Supp. 2d 698, 708 (S.D. Tex. 2002)

("[T]he court may not look beyond the four corners of the plaintiff's pleadings.").

"The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff" and "drawing all reasonable inferences in that party's favor." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). Pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014); *see Skinner v. Switzer*, 562 U.S. 521, 530 (2011) ("[A] complaint need not pin plaintiff's claim for relief to a precise legal theory.").

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the plaintiff must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

Conclusory allegations "disentitle[] them to the presumption of truth." *Iqbal*, 566 U.S. at 681. It follows that the court, in reviewing the plaintiff's complaint, may neither "accept conclusory allegations" nor "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

Where an "obvious alternative explanation" provides a more likely reason for the complained-of conduct, the plaintiff's claim does not cross the plausibility threshold. *See Twombly*, 550 U.S. at 567–69 (holding that industry norm and business incentives provided a more plausible explanation for the defendants' noncompetition than the plaintiff's allegation that the defendants conspired to engage in antitrust activity); *Iqbal*, 556 U.S. at 681–82 (holding that the respondent's allegation of discrimination was not plausible on its face because the government's legitimate, heightened national security interests after 9/11 provided a more likely explanation for the respondent's arrest and detention conditions).

Special pleading rules apply to claims of fraud. Fed. R. Civ. P. 9(b). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir.), *opinion modified on other grounds*, 355 F.3d 356 (5th Cir. 2003).

Rule 9(b) does not supplant Rule 8; instead, pleadings raising a claim of fraud must contain "simple, concise, and direct allegations of the circumstances constituting the fraud, which . . . must make relief plausible, not merely conceivable, when taken as true." *Grubbs*, 565 F.3d at 186; *see Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993) ("A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim.").

*3. Analysis*

*A. The Rooker-Feldman doctrine does not bar federal jurisdiction.*

Montgomery County and Fowler seek to dismiss Maxx Sports's claims under Rule 12(b)(1) for lack of subject matter jurisdiction. (D.E. 3 at 8–10; D.E. 8 at 7–8.) They argue that the *Rooker-Feldman*

9

doctrine bars federal jurisdiction. (D.E. 3 at 8–10; D.E. 8 at 7–8.) Under the *Rooker-Feldman* doctrine, lower federal courts cannot exercise appellate jurisdiction over final state-court judgments. *Illinois Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012). The doctrine only applies in circumstances where "a party suffered an adverse final judgment rendered by a state's *court of last resort*, and then initiated proceedings in a lower federal court seeking review and reversal of the state-court judgment." *Id.* (emphasis added). "The doctrine usually applies only when a plaintiff explicitly attacks the validity of a state court's judgment," but the doctrine "can also apply if the plaintiff's federal claims are so inextricably intertwined with a state judgment that the federal court is in essence being called upon to review the state court decision." *Id.* at 390–91 (omitting quotation marks).

The *Rooker-Feldman* doctrine does not bar jurisdiction where the source of the federal plaintiff's injury does not lie in the final state-court judgment but on "an allegedly illegal act or omission by an adverse party." *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 383 (5th Cir. 2013) (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). For example, the doctrine bars federal jurisdiction over a claim that a state child support order is void but not over a claim that state defendants enforced the order in an unconstitutional manner. *See id.*; *Mosley v. Bowie Cnty. Tex.*, 275 Fed. App'x. 327, 328–29 (5th Cir. 2008).

The *Rooker-Feldman* doctrine does not bar Maxx Sports's claims. As an initial matter, Montgomery County and Fowler have not shown that Maxx Sports's claimed injury is the result of a judgment rendered by a *court of last resort* in Texas. Montgomery County concedes in its motion that there is an appeal pending in the state appellate court. (D.E. 3 at 9.)

More importantly, the source of the injuries about which Maxx Sports complains is not the state court judgment. Instead, it is the plaintiffs' alleged illegal actions. For example, as against Montgomery County, the gist of Maxx Sports's allegation is that the county violated

10

Maxx Sports's constitutional rights by enforcing the writ of restitution without following the proper procedures. Maxx Sports is not seeking to undermine the writ itself. As in *Truong* and *Mosley*, a claim that the county enforced a court order in an unconstitutional manner is not subject to the *Rooker-Feldman* bar to federal jurisdiction. *Truong*, 717 F.3d at 383; *Mosley*, 275 Fed. App'x at 328–29.

Therefore, the court recommends that Montgomery County and Fowler's Rule 12(b)(1) motions be denied.

Because the court has subject matter jurisdiction over Montgomery County's federal constitutional claims, the court recommends, for reasons of judicial economy and efficiency, that supplemental jurisdiction over the remaining parties and claims be exercised.

### B. Maxx Sports has not stated a claim against any party on which relief may be granted.

Defendants seek to dismiss all claims raised by Maxx Sports under Rules 9(b) and 12(b)(6). The court will first analyze Fowler's argument that he is immune from suit as a court-appointed receiver and RHI's argument that it is not a proper defendant. The court will then turn to each of the remaining claims.

#### 1) Judicial immunity bars Maxx Sports's claims against Fowler.

Fowler seeks to dismiss all claims against him under the doctrine of judicial immunity. "Court appointed receivers act as arms of the court and are entitled to share the appointing judge's absolute immunity provided that the challenged actions are taken in good faith and within the scope of the authority granted to the receiver." *Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995); *see Manning v. Jones*, No. 05-18-01140-CV, 2019 WL 6522183, at *5 (Tex. App. Dec. 4, 2019) (holding that judicial immunity extends to "the activities of the person seeking immunity [that] are intimately associated with the judicial process and whether the person exercised discretionary judgment comparable to a judge, as opposed to ministerial or administrative

tasks"). Under Texas law, a receiver may take charge and keep possession of the property, make transfers, and perform other acts in regard to the property as authorized by the court. Tex. Civ. Prac. & Rem. Code Ann. § 64.031 (West). Here, the order appointing Fowler as receiver gave him the authority to "manage, control, and dispose of the [Disputed Property] as he [saw] fit in his sole discretion." (D.E. 8-2.)

Maxx Sports claims that Fowler's actions violated its rights. (D.E. 1-5 at ¶¶ 13, 74, 96.) In a Texas case involving similar facts, it was found that judicial immunity shielded the receiver's actions from suit because the challenged actions—which were taken to sell the property, manage and maintain it pending a sale, and distribute the net sales proceeds in accordance with the divorce decree—were necessary to carry out and discharge the receiver's duties, as ordered by a court. *Manning*, 2019 WL 6522183, at *6–7. Here also, Fowler's challenged actions were necessary to fulfill the state court's order, and Fowler was required to exercise discretionary judgment in his capacity as the court-appointed receiver in the Hansens' divorce proceeding. Therefore, the court finds that judicial immunity bars Fowler's alleged actions from liability.

The court further finds that Maxx Sports can prove no set of facts in support of its claims against Fowler that would entitle them to relief. The court thus recommends that Maxx Sports's claims against Fowler be dismissed with prejudice for failure to state a claim.

### 2) *Vicarious liability as to Defendant Re/Max Holdings, Inc.*

RHI seeks to dismiss Maxx Sports's claims, arguing that it is not vicariously liable for the acts of WSR or Schweiker (the "WSR Defendants"). In Texas, a franchisor is not vicariously liable for the day-to-day operation of an independently owned franchisee unless the franchisor has control over the franchisee's actions. *See Cardinal Health Sols., Inc. v. Valley Baptist Med. Ctr.*, 643 F. Supp. 2d 883, 890 (S.D. Tex. 2008) (construing Texas law); *see also Arguello v. Conoco, Inc.*, 207 F.3d 803, 808 (5th Cir. 2000) (finding no agency

relationship between franchisor and franchisee where language of the franchise agreement, while offering guidelines to the franchisee stores, did not establish that the franchisor had any participation in the daily operations of the branded stores).

The uncontested facts presented by RHI show that RHI is not vicariously liable for WSR's actions. WSR is an independent franchisee of RE/MAX, LLC ("RMLLC"). (D.E. 7-1 at ¶¶ 11, 14, 19–20; D.E. 7-2.) RMLLC is a wholly-owned subsidiary of a company owned and managed by RHI. (D.E. 7-1 at ¶¶ 5, 7.) The franchise agreement between WSR and RMLLC expressly provides that WSR is an independent contractor, and that RMLLC has no control over WSR's operations. (D.E. 7-2 at 13, ¶¶ 5.A, 5.B(1).) The agreement also disclaims any fiduciary relationship between RMLLC and WSR or employee/agent relationship between RMLLC and WSR's employees. (D.E. 7-2 at ¶ 5(A).) A representative of RMLLC filed a declaration stating that neither RHI nor RMLLC have exercised control over the daily operations of WSR, including the listing and sale of Disputed Property or the eviction of Maxx Sports. (D.E. 7-1 at ¶¶ 21, 24–25.) As discussed, because Maxx Sports failed to oppose RHI's motion, the court takes the facts set forth by RHI to be true.

Based on the above-stated law and facts, Maxx Sports can prove no set of facts that shows RHI is vicariously liable for WSR Defendants' actions. Maxx Sports's claims against RHI rely solely on the existence of vicarious liability. The court thus recommends that Maxx Sports's claims against RHI be dismissed for failure to state a claim.

### 3) Maxx Sports has not alleged facts sufficient to state a plausible claim against any of the remaining Defendants.

#### a) Due Process Clause of the United States Constitution

Maxx Sports alleges Montgomery County failed to afford Maxx Sports with due process in enforcing the sale of the Disputed Property and the writ of restitution against Maxx Sports. (D.E. 1-5 at ¶ 49.)

Montgomery County seeks to dismiss the claim for failure to state a cause of action. (D.E. 30 at 12.)

Section 1983 of the Civil Rights Act of 1964 provides a remedy for deprivations of civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). "To state a Fourteenth Amendment due process claim under § 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). Deprivation of a protected property interest without due process of law is unconstitutional. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

According to Maxx Sports, it was party to a three-year lease over the Disputed Property that was in effect at the time it was evicted. (D.E. 1-5 at ¶ 52.) For purposes of the present motion to dismiss, the court assumes that Maxx Sports had a protected property interest in the lease before the lease expired. *Cf. Greene v. Lindsey*, 456 U.S. 444, 450–51 (1982) (holding that tenants held protected interest in property in an action challenging state statute governing forcible entry or detainer actions); *Lindsey v. Normet*, 405 U.S. 56, 64–69 (1972) (holding that state eviction proceeding rules satisfied the due process requirements, in an action brought by month-to-month tenants); *Cross Continent Dev., LLC v. Town of Akron, Colo.*, 742 F. Supp. 2d 1179, 1188 (D. Colo. 2010) ("Many courts have recognized that leases, including commercial leases, involving use of a property give rise to a protected property interest.") (collecting cases).

To comply with procedural due process requirements, the state, either before or after depriving a person's protected interest, must give the person an opportunity to be heard "at a meaningful time and in a meaningful manner." *Parratt v. Taylor*, 451 U.S. 527, 540 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 330–31 (1986).[30] In general, where the state actor deprives the plaintiff of

---

[30] *Daniels v. Williams* overruled *Parratt*'s holding that mere negligent conduct could affect a deprivation within the meaning of the Fourteenth Amendment Due Process Clause.

property by "random and unauthorized" action, the "deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy." *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995). If the state action was authorized, "the state must provide notice and an opportunity for a hearing to the property owner" before the deprivation. *Marco Outdoor Advert., Inc. v. Reg'l Transit Auth.*, 489 F.3d 669, 673 (5th Cir. 2007). In either case, the plaintiff has the burden to prove that the state-law proceedings were inadequate. *See Collins v. King*, 743 F.2d 248, 252 (5th Cir. 1984) (post-deprivation remedy); *Marco Outdoor Advert.*, 489 F.3d at 673 (pre-deprivation remedy).

According to Maxx Sports's state petition, Montgomery County acted without lawful authority. Maxx Sports has alleged that Montgomery County unlawfully enforced the eviction and disposed of its property without providing it with notice or an opportunity to be heard as required under Texas law. (D.E. 1-5 at ¶¶ 30, 44, 49.A)–D)). Maxx Sports has offered no facts to establish that its Due Process rights were violated. Moreover, because the due process claim alleged here is about an unauthorized state action, the claim cannot succeed if the state provides an adequate post-deprivation remedy. *Alexander*, 62 F.3d at 712. Maxx Sports has not offered any facts on what post-deprivation remedy was or was not made available to it. Maxx Sports has not provided any facts to show that post-deprivation remedies were inadequate. Therefore, Maxx Sports has not stated a plausible claim that Montgomery County violated its due process rights.

### b) Section 24.005 of the Texas Property Code

Maxx Sports sued its landlord for failing to abide by Section 24.005 of the Texas Property Code, which governs the notice to vacate prior to filing eviction suit. (D.E. 1-5 at ¶¶ 51–55.) Maxx Sports merely states that its counsel was never served with the requisite notice. Under Section 24.005, the landlord may provide the requisite written notice in person, by mail at the premises, or by "securely affixing to the outside of the main entry door a sealed envelope that contains the

notice." Tex. Prop. Code Ann. § 24.005(f), (f-1) (West). Maxx Sports has not stated who violated the statute. It does not say notice was not mailed or affixed to the main door of the property. Because Maxx Sports does not offer sufficient facts on its landlord's failure to give notice through the means of service allowed by the statute, it has not stated a plausible claim that Defendants violated its rights under the Texas Property Code.

### c) Conversion

Maxx Sports alleges conversion claims against all Defendants. (D.E. 1-5 at ¶¶ 56–63.) Maxx Sports has alleged that Montgomery County "seized hundreds of Maxx Sports's clearly marked computers, cameras, robotic cameras and broadcast and technical equipment." *Id.* at ¶ 44. Elements of a conversion claim under Texas law are that "(1) [the plaintiff] legally possessed or was entitled to [the property]; (2) the defendant exercised dominion or control over the property, excluding the plaintiff; (3) the plaintiff demanded the property's return; (4) and the defendant refused." *Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 705 (5th Cir. 2009) (applying Texas law).

Assuming without deciding that Maxx Sports has offered facts to satisfy the first two elements of its conversion claim against Montgomery County, it has not offered any facts to meet the third and fourth elements. Maxx Sports has not stated whether it demanded that Montgomery County return its property or whether the county refused that demand. The allegations that it filed a motion to intervene in the divorce action and that no Defendant contacted Maxx Sports *prior to* the alleged conversion is irrelevant. (D.E. 1-5 at ¶¶ 56–59.) The court thus finds that Maxx Sports has not stated a plausible claim of conversion against Montgomery County.

As to the other defendants, Maxx Sports has offered no facts to satisfy any of the elements of conversion. Maxx Sports merely alleges that "one or all of the Defendants" removed its equipment and that they acted "jointly and severally without authority and assumed and exercise[d] control and dominion over the personal property of Maxx

Sports." *Id.* at ¶¶ 41, 56. The court cannot accept such conclusory allegations. *Id.* at ¶ 56; *Southland Sec. Corp.*, 365 F.3d at 361.

The court therefore finds that Maxx Sports has not offered sufficient facts to state a plausible claim of conversion against any Defendant.

### d) Breach of contract

Maxx Sports brought a breach of contract claim against all Defendants. Maxx Sports has only pleaded that it held a valid three-year lease for the Disputed Property and that Gabrielle Hansen failed to honor its right to quiet enjoyment under the lease contract. (D.E. 1-5 at ¶¶ 65–66.) Under Texas law, the elements of a breach of contract action are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (omitting internal quotation marks).

Maxx Sports offers no facts on its own performance or tendered performance under the lease contract over the Disputed Property. In addition, Maxx Sports does not say how Gabrielle Hansen breached the contract, other than making the conclusory allegation that she "failed to honor" its right of quiet enjoyment. (D.E. 1-5 at ¶ 66.) Maxx Sports has not said it entered into a contract with any other Defendant.

Therefore, Maxx Sports has not stated a plausible claim of breach of contract against any Defendant.

### e) Fraud claims: statutory fraud, common-law fraud, fraudulent inducement, and constructive fraud

Maxx Sports's claims for statutory fraud, common-law fraud, and fraudulent inducement do not meet the heightened pleading requirement under Rule 9(b). Under that rule, claims of fraud must be pleaded with particularity as to "the who, what, when, where, and how." *Benchmark Elecs.*, 343 F.3d at 724.

To state a claim of statutory or common-law fraud as relevant to this case, Maxx Sports was required to provide the particulars of the false representation. Tex. Bus. & Com. Code Ann. § 27.01 (West) (statutory fraud); *Grubbs*, 565 F.3d at 188 (common-law fraud). Maxx Sports has not offered any facts about who made what false representation to it. Therefore, Maxx Sports has not stated a plausible claim of statutory or common-law fraud under Rule 9(b).

Likewise, a plaintiff raising a claim of fraudulent inducement does not satisfy Rule 9(b) where "[t]he petition makes no mention of any statements, except in the broadest sense" and prevents a court from discerning "what action [the plaintiff] was induced to take, or not take, in reliance on any statements." *Greater Ward African Methodist Episcopal Church v. Nationwide Mut. Fire Ins. Co.*, No. CV H-12-3472, 2013 WL 12137780, at *3 (S.D. Tex. Feb. 27, 2013). Because Maxx Sports has not identified which Defendant fraudulently induced its actions nor what action it was induced to take, Maxx Sports has failed to state a plausible claim of fraudulent inducement.

To state a claim of constructive fraud, Maxx Sports must allege facts that make it plausible that a defendant committed "the breach of some legal or equitable duty . . . that the law declares fraudulent because of its tendency to deceive others, to violate confidence, or to injure public interests." *Schroeder v. Wildenthal*, No. 3:11-CV-0525-B, 2011 WL 6029727, at *3 (N.D. Tex. Nov. 30, 2011), *aff'd*, 515 F. App'x 294 (5th Cir. 2013). Here, Maxx Sports has merely alleged that an unspecified party abused it "with a collateral purpose" and that it "relied on the implied representations of [Gabrielle Hansen] to its detriment." (D.E. 1-5 at ¶¶ 84–85.)

It is impossible to discern what party might have had a legal or equitable duty to Maxx Sports or what acts constituted a breach of that duty. Therefore, Maxx Sports has not pleaded its constructive fraud claim in compliance with the plausibility standard under neither Rule 8 nor Rule 9.

The court recommends that Maxx Sports's fraud claims be dismissed with prejudice.

18

f)   *"Negligence or deceit"*

Maxx Sports brought a claim entitled "Negligence or Deceit" against Gabrielle Hansen, WSR Defendants, RHI, and Fowler.[31]

Maxx Sports's allegations are largely unintelligible. Maxx Sports appears to be arguing that Gabrielle Hansen and WSR Defendants acted negligently in selling the Disputed Property at an undervalued price. (D.E. 1-5 at ¶¶ 91–100.) The right underlying Maxx Sports's claim derives from the two Listing Agreements the Hansens entered into with the WSR Defendants, which provided the listing prices. (D.E. 10-4, 10-5.) The court thus construes Maxx Sports's claim to be challenging negligent performance of contract.

WSR Defendants seek to dismiss Maxx Sports's claim for lack of contractual standing. It is well established in this circuit that a nonparty to a contract generally may not claim a contractual right unless the nonparty is a third-party beneficiary to the contract. *See Cottingham v. Gen. Motors Corp.*, 119 F.3d 373, 379 (5th Cir. 1997) (holding that a nonparty to a contract could not sue under the contract); *Advanced Seismic Tech., Inc. v. M/V Fortitude*, 326 F. Supp. 3d 330, 334 (S.D. Tex. 2018) (same).

Maxx Sports has not stated a plausible claim for negligent performance of contract. Maxx Sports has not alleged that it was either a contractual party or an intended beneficiary to the Listing Agreements.

Maxx Sports has also not stated a claim of negligence. It does not say who the tortfeasor was, whether or why that unnamed tortfeasor owed Maxx Sports a duty of care, what it was that the tortfeasor did to breach any duty, and what injury Maxx Sports suffered as a result of that breach of duty.

---

[31] Because the court has already recommended that all claims against RHI and Fowler be dismissed as a matter of law, the court disregards Maxx Sports's "negligence or deceit" claims against them. *See supra* Parts 3.B.1)–2).

### g) Tortious interference with contract

Maxx Sports brought a claim of tortious interference with contract against all Defendants. Under Texas law, elements of interference with contract are: "1) a contract, 2) an intentional act, calculated to cause damage to the plaintiff, that interferes with the contract, and 3) proximate cause of actual damages to the plaintiff." *In re Burzynski*, 989 F.2d 733, 738 (5th Cir. 1993).

Maxx Sports states in its petition that

> Defendants have shown a reckless disregard for the lease contract on the Property, and it will be shown the damages are at least $75 million, based on the third-party valuation of the Maxx Sports in September & October 2019. It will further be shown under the Texas Deceptive Trade Practices Act that these damages should be trebled, for total damages of$225 million.

(D.E. 1-5 at ¶ 90.)

Maxx Sports's allegations do not amount to more than a formulaic recitation of the elements. Therefore, Maxx Sports has not stated a claim of tortious interference with contract in satisfaction of the federal pleading standard.

### h) "Collateral purpose and abuse of process"

Maxx Sports's last claim for "collateral purpose & abuse of process" is unintelligible and based on conclusory assertions. Therefore, Maxx Sports's claim does not provide adequate notice to Defendants, as required under Rule 8.

### 4) The court recommends that Maxx Sports's claims be dismissed with prejudice and Defendants be awarded costs under Fed. R. Civ. P. 54(d)(1).

Maxx Sports has not alleged sufficient facts as to any of its federal and state claims to satisfy the plausibility pleading standard. Maxx Sports has not moved the court for an opportunity to amend its pleading. The court finds that Maxx Sports's complete inaction in this case indicates its unwillingness to amend its pleadings in a manner

that will avoid dismissal. The court therefore recommends that Maxx Sports's claims be dismissed with prejudice for failure to state a claim. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (holding that district courts need not afford a plaintiff an opportunity to amend if it is clear the defects are incurable or plaintiffs are unwilling or unable to amend in a manner that will avoid dismissal).

Under Rule 54(d)(1), the court may award costs other than attorney's fees to the prevailing party except when a statutory provision is to the contrary. Fed. R. Civ. P. 54(d)(1). "This rule permits the district court to exercise its discretion in awarding costs." *In re Nissan Antitrust Litig.*, 577 F.2d 910, 918 (5th Cir. 1978). A defendant is a prevailing party for the purposes of Rule 54(d)(1) when the claims against the defendant are dismissed with prejudice after the court grants the defendant's Rule 12 motion. *See Martinez v. Am.'s Servicing Co.*, No. CV H-12-2606, 2013 WL 12140499, at *7 (S.D. Tex. Aug. 21, 2013) (dismissing the plaintiff's claims with prejudice under Rule 12(b)(6) and ordering the defendant to file a Bill of Costs).

Defendants are entitled to their taxable costs pursuant to Rule 54(d)(1). Maxx Sports has abandoned this case while Defendants incurred expenses in litigating the meritless claims raised by Maxx Sports. The court therefore finds that Defendants may apply for a reasonable fee award.

*4. Conclusion*

The court recommends that Fowler and Montgomery County's Rule 12(b)(1) motions be denied because they have not shown that the court lacks subject matter jurisdiction over this action.

The court recommends that the Rule 12(b)(6) motions filed by Montgomery County (D.E. 3), RHI (D.E. 7), Fowler (D.E. 8), Tucker (D.E. 9), WSR Defendants (D.E. 10), and Gabrielle Hansen (D.E. 17) be granted and Maxx Sports's claims be dismissed with prejudice.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file

objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Defendants may apply for their fees and costs and file a Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d)(1) within forty-five days of the date of the entry of the final judgment.

Signed at Houston, Texas on July 29, 2020.

_____

Peter Bray
United States Magistrate Judge